```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

Cassius Lamar Shine,            :
       Plaintiff,               :
                                :
     v.                         :     File No. 2:06-CV-237
                                :
Robert Hofmann, Susan           :
Blair, Jodie Chafee,            :
Modiano, Kevin Ashburn,         :
Nick Burnham,                   :
       Defendants.              :
```

        MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
                 (Papers 33, 44, 45 and 46)

Plaintiff Cassius Lamar Shine, proceeding *pro se*, claims that his constitutional rights have been violated while he awaits his federal trial in Vermont.  Pending before the Court are Shine's motion to amend his complaint, motion for appointment of counsel, and motion to compel discovery.  Shine also seeks a preliminary injunction with respect to the conditions of his confinement.  For the reasons set forth below, I recommend that the motion for a preliminary injunction be DENIED, and DENY the remaining three motions.

I.  Motion to Amend Complaint

Shine first moves to amend his complaint.  In his initial complaint, Shine alleged that a letter to his attorney was intercepted by a prison official, opened and

returned to him.  The defendants moved to dismiss the claim for failure to state an injury, and the Court granted the motion to dismiss but noted that Shine could amend his complaint to assert additional facts.

Shine has now filed a motion to amend.  His factual allegations, however, do not go much beyond those raised in the initial complaint.  Shine claims in his motion that defendant Cindy Modiano intercepted a letter he had addressed to his attorney, then returned it "for the purposes of verifying the plaintiff's signature."  (Paper 33 at 1).  Shine does not state whether Modiano's alleged interference prevented him from ever communicating with his attorney, or whether her conduct impaired his legal defense.

The Second Circuit has noted that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).  The Davis court also found that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2)

if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." Id. (citing Washington v. James, 782 F.2d 1134, 1139 (2d Cir. 1986)).  Shine's proposed amendment falls short on both counts, as he fails to allege either an ongoing practice or a chilling of his access to the courts or legal representation.  The amendment would, therefore, be futile.

Shine may wish to attempt yet another amendment, keeping in mind the legal requirements for a valid claim.  The Court notes that in his motion for a preliminary injunction, Shine refers to his mail having been read and destroyed.[1]  If Shine has specific facts to support this claim, he want to make those facts a part of an amended complaint in an effort to show a regular practice of mail tampering.  Allegations of injury would also bolster his claim.  Absent any such allegations, however, the Court will not allow him to amend his complaint at this time. See Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002) (motion to amend may be denied where amendment

---

[1] It is not clear whether the mail being destroyed is old mail in Shine's possession, or current mail that is either in-coming or out-going.

3

would be futile).

II. <u>Motion for a Preliminary Injunction</u>

Shine also moves for a preliminary injunction based upon the conditions of his confinement. Shine is a federal pre-trial detainee. Portions of his pre-trial detention have been spent in Vermont state prisons. The complaint contains a host of allegations against officials and employees within the Vermont Department of Corrections. Shine's motion for a preliminary injunction reiterates some those claims.

Among the allegations in the complaint is a claim that Shine has been placed in "close custody . . . without the possibility of ever being released into general population." Shine alleges that, while in close custody, he has not been allowed adequate access to legal materials, religious services or educational/vocational programs. In a related claim, he alleges that his placement in disciplinary segregation has impeded his ability to present a defense to the criminal charges pending against him.

The motion for a preliminary injunction asserts that Shine is in segregated confinement with "no privileges

4

because I'm a federal pretrial detainee." (Paper 46 at 2). He also claims, as noted above, that his "legal mail and property" have been taken away from him, and that his mail is being read and destroyed by prison personnel.

The defendants oppose the motion, arguing that Shine has failed to show irreparable harm and has not established a likelihood of success on the merits. As to the merits, the defendants assert that Shine's evidentiary support consists only of grievance forms, and that the information in those forms does not always support his claims. For example, in response to a grievance from Shine about access to his legal papers, prison officials concluded that the only property being held consisted of state-issued uniforms and tennis shoes. (Paper 46-2 at 13). On the issue of Shine's custody level, the documentation shows that he has been periodically reassessed, and that "close custody" status has repeatedly been deemed the appropriate level of custody. Id. at 1.

"A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions

going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007). Injunctive relief is an extraordinary remedy and one not to be given lightly. See, e.g., Register.com v. Verio, Inc., 356 F.3d 393, 426 (2d Cir. 2004). The burden is heightened when the plaintiff is asking for a mandatory injunction compelling someone to take action. In such a case, the plaintiff must make a "clear showing" that he is entitled to relief. Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir. 1997). Furthermore, if the plaintiff is a prisoner, federal law limits the relief available to remedies that are "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

 The defendants' suggestion that Shine has failed to show irreparable harm is at least partially misplaced. Shine contends that his custody level deprives him of

basic privileges, presumably including access to religious services.  If his level of confinement is wrongful, those deprivations cannot be undone if Shine ultimately prevails.  See, e.g., Amaker v. Goord, 2007 WL 4560596, at *5 (W.D.N.Y. March 9, 2007) (continued Special Housing Unit confinement would prevent attendance at religious services and thus cause irreparable harm).  The Court must therefore consider whether Shine has met his burden with respect to the merits of his case.

As to the claim of property confiscation, the evidence presented does not show that any legal materials have been confiscated.  Moreover, it is not clear how the requested relief – a transfer out of Vermont – would ameliorate this issue.  If legal mail is being destroyed, particularly mail that is in the process of going out or coming in, Shine needs to make such an allegation in his complaint.  Without an underlying allegation, the Court cannot grant injunctive relief.  See Allen v. Brown, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (citing Sweeney v. Bane, 996 F.2d 1384, 1388 (2d Cir. 1993)).

Shine has also failed to make a clear showing that his current confinement is unlawfully restrictive.

Shine's confinement claim is brought as a due process action under the Fifth and Fourteenth Amendments.  (Paper 4 at 7).  To succeed on such a claim, he must establish (1) that he possessed a liberty interest and (2) that the defendants deprived him of that interest as a result of insufficient process.  Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001) (citation and quotation omitted).  To determine whether a prisoner has identified a protected liberty interest, the Court must examine whether the State has created such an interest by statute or regulation and whether the alleged deprivation constitutes an atypical and significant hardship.  Sandin v. Connor, 515 U.S. 472, 484 (1995); Iqbal v. Hasty, 490 F.3d 143, 161 (2d Cir. 2007) (quoting Tellier v. Fields, 280 F.3d 69, 80 (2d Cir. 2000)).

Shine has not addressed any of these questions.  Even when giving his *pro se* filings the required liberal reading, the evidence presented shows only that he has been classified as requiring close custody status, and that his status has been periodically reviewed.  Based upon these few facts, that Court should not find that Shine has made either a showing of likely success, or a

8

clear showing that he is entitled to mandatory injunctive relief. I therefore recommend that his motion to for a preliminary injunction be DENIED.

III. Motion to Compel

Shine also moves the Court to compel discovery responses. In a motion to compel, the moving party must submit an affidavit stating that he has tried in good faith to resolve a discovery dispute without the Court's intervention. The affidavit must also cite any unresolved issues and "the reasons therefore," and set forth the dates and other information detailing contacts between the parties on these issues. See Local Rule 26.1(d).

Shine's motion does not include any of the statements required by the Local Rule. Furthermore, the defendants report that the requested interrogatories have been provided, as well as over 250 pages of documents and several disks. Lacking compliance with the Local Rule, and given Shine's failure to specify how the defendants' production efforts have been inadequate, the motion to compel is DENIED.

IV. Motion for Appointment of Counsel

9

Finally, Shine has submitted a motion for appointment of counsel.  This is his third such request. In support of his motion, Shine contends that his case is complex, will require investigation, and may involve cross-examination.  Even assuming that these conclusory assertions are true, the plaintiff must, as a threshold matter, demonstrate that his claim seems likely to be of substance.  See Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986); see also Davidson v. Mann, 129 F.3d 700, 702 (2d Cir. 1997).  Shine's motion makes no such showing.  The motion is, therefore, DENIED without prejudice.

## Conclusion

For the reasons set forth above, I recommend that Shine's motion for a temporary restraining order and preliminary injunction (Paper 46) be DENIED.  Shine's motion to amend his complaint (Paper 33), motion for appointment of counsel (Paper 44), and motion to compel (Paper 45) are each DENIED without prejudice.

Dated at Burlington, in the District of Vermont, this 6<u>th</u> day of October, 2008.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).